UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMES HALL, et al.,

        Plaintiffs,

   v.

COUNTY OF SHASTA, et al.,

        Defendants.

No. 2:05-CV-00784-MCE-KJM

MEMORANDUM AND ORDER

----oo0oo----

    Defendants County of Shasta and City of Redding ("Defendants") move to dismiss this cause of action for failure to prosecute. Plaintiffs have not opposed this Motion. For the following reasons, the Motion to Dismiss is granted.[1]

    Plaintiffs filed their Complaint on April 21, 2005. The Complaint alleges harassment by government against Plaintiffs who were prosecuted, and acquitted, for growing medical marijuana. Joint Status Report Order went out on May 2, 2005.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1

1  On April 28, 2005, this Court issued a Related Case Order
2  reassigning the case to this Court.  On May 2, 2005, this Court
3  issued an Order requiring, among other things, that Plaintiffs
4  complete service of process on all parties within 120 days of the
5  date of the filing and submit a joint status report.  On June 29,
6  2005, Plaintiff filed an ex parte application requesting a 60-day
7  extension to serve Defendants and to continue the status
8  conference.  This Court did not grant that application.

9       There have been no other docket entries filed in this case
10 since June 29, 2005.  Defendants now move to dismiss for failure
11 to prosecute under Federal Rule of Civil Procedure 41(b).
12 Plaintiffs did not file an opposition to this motion.

13      Rule 41(b) provides that a court may dismiss an action where
14 the plaintiff fails to prosecute the action or fails to comply
15 with the Rules or an order of the court.  This dismissal operates
16 as an adjudication on the merits.  FRCP 41(b).  The decision on a
17 Rule 41(b) motion is left to the discretion of the trial court.
18 <u>Citizens Util. Co. v. Am. Tel. & Tel. Co.</u>, 595 F.2d 1171, 1174
19 (9th Cir. 1979).  The trial court must weigh its own need to
20 manage its docket, the public's interest in expeditious
21 resolution of litigation and the risk of prejudice to the
22 defendants against the policy favoring disposition of cases on
23 the merits.  <u>Id</u>.

24      This case has lingered on this Court's docket for almost
25 three years without Plaintiff taking any action to move this case
26 forward.  Defendants' counsel has left multiple messages for
27 Plaintiffs' attorney that have not been returned.  Further,
28 Defendants have never been served in this action.

Finally, Plaintiff has failed to oppose this Motion. Plaintiffs have utterly failed to prosecute their case. The case has lingered on this Court's docket for over three years without Plaintiffs taking any steps to move the case forward to trial. While this Court acknowledges the policy in favor of resolving cases on the merits, a plaintiff must actively prosecute his case. Further, a three-year delay is prejudicial to Defendants.

Pursuant to Rule 41(b), this case is dismissed with prejudice. Although the Court might have issued an order to show cause why the case should not be dismissed, in light of the fact that Plaintiffs did not oppose this Motion, the case is DISMISSED. The Clerk is directed to close the file.

IT IS SO ORDERED.

Dated: June 16, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3